UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------- x
BENNIE GIBSON,

                                 Plaintiff,

               - against -

COMMISSIONER OF THE NEW YORK
CITY POLICE DEP'T, et al.,

                              Defendants.
-------------------------------------------------------- x

**MEMORANDUM & ORDER**

09 cv 5157 (RJD) (LB)

DEARIE, District Judge.

      Pro se plaintiff Bennie Gibson, a frequent litigator in this circuit, challenges his prior confinement in Kirby Forensic Psychiatric Center.  On January 15, 2009, this Court denied plaintiff's request to file his complaint in forma pauperis.  Plaintiff appealed, and the Second Circuit remanded with a two-part mandate to this Court: (1) to clarify whether our April 2002 order in one of plaintiff's previous cases was issued under 28 U.S.C. § 1915(g); and (2) if so, to address whether plaintiff was a "prisoner" under the Prison Litigation Reform Act during his challenged confinement at Kirby.  By a November 2, 2009 order, this Court answered part 1 of the mandate affirmatively.  I decide part 2 affirmatively now.  The Second Circuit, considering a separate suit by plaintiff for his Kirby detention, held the following: "Because New York law explicitly specifies that the criminal proceedings against a person, such as Gibson, who is being held in a mental health institution pursuant to a temporary order of observation, are merely suspended during his confinement . . . we have little trouble concluding that Gibson . . . was a 'prisoner' under the PLRA."  <u>Gibson v. City of New York</u>, 692 F.3d 198, 202 (2d Cir. 2012) (per curiam) (citing § 1915(g)).

Plaintiff has filed at least three frivolous prisoner suits in federal court. Therefore, he may not file another without first paying the filing fee. See § 1915(g). Moreover, since this Court denied reconsidering plaintiff's preliminary injunction motion on December 8, 2010 (and the Second Circuit denied plaintiff's appeal), Gibson has not done anything further to prosecute his case. See ECF # 28 (defendants' 3/15/13 letter). Therefore, plaintiff's complaint is dismissed.

The Clerk of the Court is ordered to close the case.

SO ORDERED.

Dated: Brooklyn, New York
       March 29, 2013

/s/ Judge Raymond J. Dearie
_____
RAYMOND J. DEARIE
United States District Judge